# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| Jeromy Oelker, | Case No. 2:25-cv-01589-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER and REPORT AND RECOMMENDATION** |
| State of Idaho and State of Nevada, | |
| Defendants. | |

Pro se Plaintiff Jeromy Oelker moves to proceed *in forma pauperis.* ECF No. 1. He submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. His request to proceed *in forma pauperis,* therefore, will be granted. This Court now screens his complaint (ECF No. 11) as required by 28 U.S.C. § 1915(e)(2).

**I.   ANALYSIS**

**A. Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

1  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
2  2014) (quoting *Iqbal*, 556 U.S. at 678).

3    In considering whether the complaint is sufficient to state a claim, all allegations of
4  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
5  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
6  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
7  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
8  544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
9  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
10 plaintiff should be given leave to amend the complaint with notice regarding the complaint's
11 deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

12   **B.  Screening**

13   It appears Plaintiff seeks to appeal the decisions in case numbers 2:25-cv-00427-JAD-
14 BNW and 2:25-cv-00528-JAD-DJA. Plaintiff does not need to file a new complaint in order to
15 appeal the decisions in those cases. He simply needs to file a notice of appeal with the Ninth
16 Circuit and reference the correct case number when doing so. As a result, this Court recommends
17 that this case be dismissed with prejudice as Plaintiff does not intend to state a new cause of
18 action.

19 **II.    CONCLUSION**

20   **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*
21 *pauperis* (ECF No. 1) is **GRANTED**.  Plaintiff will not be required to pay the filing fee in this
22 action.

23 //
24 //
25 //
26 //
27 //
28

**IT IS FURTHER ORDERED** that the Clerk of Court must file Plaintiff's complaint (ECF No. 1-1) on the docket.

**IT IS RECOMMENDED** that this case be dismissed with prejudice.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 8, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE